IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY SCOTT, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 3:20-cv-173 |
| ) | Judge Stephanie L. Haines |
| JOHN WETZEL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Harvey Scott, Jr. ("Plaintiff"), a prisoner currently incarcerated at SCI-Phoenix. Plaintiff's 68-page complaint asserts a multitude of violations of his constitutional rights while he was incarcerated at SCI-Somerset, where he previously was housed. Plaintiff names as defendants twenty-six officials and employees of SCI-Somerset, as well as two John Doe defendants. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**I.      Background**

On August 27, 2020, Plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. Judge Pesto entered an order on December 27, 2020, granting Plaintiff's motion to proceed *in forma pauperis* [Doc. 5], and Plaintiff's complaint was filed that same day [Doc. 8]. On May 14, 2021, Judge Pesto filed a Report and Recommendation recommending that the complaint be dismissed in part and ordered served in part [Doc. 8]. Petitioner was advised that he had fourteen days from the date of service to file written objections to the Report and Recommendation and/or file an amended complaint. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2.

1

On May 26, 2021, Plaintiff timely filed objections to the Report and Recommendation [Doc. 11], but he did not file an amended complaint.

## II. Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

## III. Discussion

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

As noted, Plaintiff's complaint seeks to assert claims against 28 defendants for dozens of alleged constitutional violations stemming from multiple incidents spanning an 18-month time frame between September 2018 and March 2020. In his exhaustive report, Judge Pesto undertook the daunting task of examining Plaintiff's complaint defendant-by-defendant, claim-by-claim, and his report thoroughly explains which allegations of the complaint are sufficient to state plausible claims against specified defendants, and which allegations are insufficient so to state [Doc. 9 pp. 11-19]. The Court has reviewed the complaint as well as Judge Pesto's Report and Recommendation and agrees with, and adopts, his findings and conclusions in whole.

Plaintiff's objections to the Report and Recommendation are unavailing. Although Plaintiff has filed lengthy objections, they do nothing to alter Judge Pesto's findings. While Plaintiff clearly disagrees with Judge Pesto's conclusions as to numerous claims, the Court is satisfied that, with regard to the claims that Judge Pesto recommended be dismissed, the allegations in the complaint are insufficient to state any plausible claim upon which relief may be granted. As none of the objections do anything to alter Judge Pesto's findings and conclusions, and otherwise are unavailing, Plaintiff's objections to the Report and Recommendation will be overruled.

### IV. Conclusion

Upon de novo review of the Report and Recommendation, the Court agrees with Judge Pesto that Plaintiff's complaint alleges sufficient facts to state the following plausible claims against the following defendants:

- Excessive force and retaliation v. Whitacre
- Excessive force v. Sepulveda
- Failure to intervene v. Gerber
- Cruel and unusual punishment v. John Doe II
- Retaliation and Conspiracy v. Wiggins
- Retaliation v. Fleegle
- Retaliation v. Kauert
- Retaliation v. J. Minor and Whitacre
- Retaliation v. Lindsay
- Retaliation and Conspiracy v. J. Minor

All other claims against all other defendants will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 19th day of April, 2022, IT IS ORDERED that Plaintiff's objections [Doc. 11] to the Magistrate Judge's Report and Recommendation [Doc. 8], hereby are **overruled**; and,

IT FURTHER IS ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 8], which hereby is adopted in whole as the opinion of the Court as supplemented herein, that this case may proceed *only* as to the claims and against the defendants identified herein and in the Report and Recommendation, and the complaint should be served on the following defendants: Whitacre; Sepulveda; Gerber; Wiggins; Fleegle; Kauert; J. Minor; and Lindsay. Plaintiff has until the close of discovery to identify and serve John Doe 2; and,

IT FURTHER IS ORDERED that all other claims asserted in the complaint hereby are dismissed with prejudice, including all claims against the above-named defendants except those claims specifically identified, as well as all claims against all of the following defendants, who hereby are dismissed from this action: John Wetzel; Tice; Caro; Mt. Houser; Shaefer; Tiller; Pyle; Furman; Turner; Vena; Croyle; Gooden; T. Williams; Pile; Pile; Roundtree; Hay; Borstner; and John Doe 1.

Stephanie L. Haines
United States District Judge