IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY SCOTT, : | |
|     Plaintiff, : | |
| v.  : | Case No. 3:20-cv-173-SLH-KAP |
| : | |
| JOHN WETZEL, *et al.* : | |
|     Defendants : | |

<u>Memorandum Order</u>

Plaintiff's motions at ECF no. 15, ECF no. 16, and ECF no. 17 are denied.

The motion for counsel is denied because Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." That rule reflects the experience-based judgment of the District Court that, given the few attorneys who have expressed willingness to represent inmates *pro bono*, counsel ordinarily should be reserved for cases pending trial. There is nothing special about this matter that urges a departure from that practice.

The motion for clarification is denied because it is not a motion for the Court to clarify a matter, it is plaintiff offering his clarification for the Court. Plaintiff wishes to point out how the Court was wrong in ECF no. 13. Plaintiff can do that in an appeal at the end of this matter, but allowing litigants to treat all orders as provisional and to raise another round of arguments they wish they had made in their objections would bring all decisions by all courts to a screeching halt.

The motion for substitution is denied because it is not a motion for substitution. It is a motion for the Court to act as plaintiff's paralegal. Plaintiff does not even know whether there is a representative of the decedent's estate, much less identify that person or provide directions for service. The liberality with which *pro se* pleadings must be read in no way stretches to doing things for *pro se* litigants the Court would never and could never ethically do in a counseled case.

An answer having been filed, the pretrial schedule is set as follows:

1.    Any motion other than those mentioned in ¶2 and ¶3 below shall be accompanied by a memorandum of law and responded to within twenty days.
2.    Discovery shall be completed by December 31, 2022. Discovery motions should succinctly state the matter in dispute and need not be accompanied by any memorandum of law; discovery motions shall be responded to within five days. Absent

order to the contrary, the filing of discovery motions shall not stay discovery.

      3.     Motions for summary judgment shall be filed on or before January 31, 2023. Motions for summary judgment shall be responded to by the opposing party within thirty days.

      4.     The dates for filing of pretrial statements and trial shall be scheduled after any dispositive motions have been decided.

      5.     If no summary judgment motions are filed, plaintiff's pretrial statement shall be filed on or before February 28, 2023, and defendants' pretrial statement shall be filed on or before March 31, 2023.

DATE:   September 9, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

      Harvey Scott, Jr.  MT-4764
      S.C.I. Phoenix
      P.O. Box 244
      1200 Mokychic Rd.
      Collegeville, PA 19426